UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff,<br>   v.<br>CHRISTOPHER LEE CARIGNAN,<br>   Defendant. | Case No. 15-cr-00003-VC-1<br><br>**ORDER DENYING MOTION TO SUPPRESS, DENYING REQUEST FOR *FRANKS* HEARING**<br><br>Re: Dkt. No. 25 |

Defendant Christopher Lee Carignan has been charged with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1)(A) and 841(b)(1)(C). Carignan moves to suppress all evidence of contraband seized from his home pursuant to a search warrant on the ground that the warrant was not supported by probable cause. Alternatively, Carignan requests a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). The motion and request are both denied.

**I.**

"A search warrant is supported by probable cause if the issuing judge finds that, 'given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Underwood*, 725 F.3d 1076, 1081 (9th Cir. 2013) (quoting *Illinois v. Gates,* 462 U.S. 213, 238 (1983)). The "fair probability" standard for probable cause is not especially demanding; it does not require a showing of "certainty or even a preponderance of the evidence." *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006) (en banc) (quoting *Gates*, 462 U.S. at 230).

Furthermore, "'[a] magistrate's determination of probable cause should be paid great deference by reviewing courts,' and can only be reversed if it is clearly erroneous." *United States*

*v. Battershell*, 457 F.3d 1048, 1050 (9th Cir. 2006) (quoting *Gates*, 462 U.S. at 236).  "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." *Id.* at 238-39 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960) (omission original)).  Although a reviewing court must ensure that a search warrant affidavit provided "[s]ufficient information" for the magistrate to make an independent probable cause determination, *Gates*, 462 U.S. at 239, a reviewing court may not "flyspeck the affidavit through de novo review." *Gourde*, 440 F.3d at 1069.

        The search warrant affidavit in this case contained three pieces of information that, taken together, prevent the Court from concluding that the magistrate's probable cause finding was clearly erroneous.  First, Tyler Lee Hill told the FBI that Carignan had shown him a video on Carignan's home computer of "a juvenile male performing oral sex on an unidentified adult male."  The affidavit's use of the word "juvenile," juxtaposed with the word "adult," suggests that the person described as a "juvenile" was a minor. *See Battershell*, 457 F.3d at 1054.  Second, Hill told the FBI that Carignan: (i) showed him "face shots" of two dark-haired boys on his computer and; (ii) recounted a detailed story about having molested one of the boys, who was 3 years old.  This information tends to support the notion that the "juvenile" observed in the sexually explicit video was a minor. *See id.* at 1053-54.  Third, the affidavit described the report of an anonymous source, "CM," who called 911 around three months before Hill contacted the FBI and stated that Carignan had just shown him "child pornography."  Although CM's anonymous report alone would not support probable cause without investigative corroboration, the fact that two apparently unconnected witnesses independently reported to the authorities that Carignan had shown them child pornography within the span of a few months makes it more likely that each witness had actually seen what he reported.

## II.

        A defendant is entitled to a *Franks* hearing "if he makes a substantial preliminary showing that a false statement was deliberately or recklessly included in the search warrant affidavit and that the statement was necessary to the finding of probable cause." *United States v. Napier*, 436 F.3d 1133, 1139 (9th Cir. 1985).

Even if Carignan had made a substantial preliminary showing that the statement describing an alleged report by a third witness to Daly City Police that Carignan possessed child pornography was both false and deliberately or recklessly included in the search warrant affidavit, Carignan is not entitled to a *Franks* hearing. The information from the third witness was not necessary to the finding of probable cause; the information discussed in the preceding section was sufficient. *Napier*, 436 F.3d at 1139.

**IT IS SO ORDERED.**

Dated: August 25, 2015

_____
VINCE CHHABRIA
United States District Judge